**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wendy Lou Richman, | No. CV-25-08117-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

The Court now considers Plaintiff Wendy Lou Richman's appeal from the Social Security Administration's denial of Plaintiff's application for disability insurance benefits ("DIB"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision (AR 17–33). The Court **affirms** the ALJ's decision for the following reasons.

## I.    BACKGROUND

On November 26, 2021, Plaintiff applied for DIB under Title II alleging a disability onset date of August 1, 2021. (AR. 17.) Plaintiff's claims were denied initially and on reconsideration. (*Id.*) After an administrative hearing, an ALJ issued an unfavorable decision on June 14, 2024, finding Plaintiff not disabled. (AR. 33.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR. 1–3.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II.    LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

The Court only reviews the issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to

more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*, 400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

## III.    DISCUSSION

Plaintiff argues the ALJ erred by: (1) failing to acknowledge Plaintiff's request to amend her claim to a closed period of benefits, and relying on evidence outside of the relevant period to deny Plaintiff's claim; and (2) rejecting Plaintiff's symptom testimony in the absence of specific, clear, and convincing reasons supported by substantial evidence in the record. (Doc. 10 at 1.)

**A. Substantial Evidence Supports the ALJ's Decision that Plaintiff was Not Disabled During the Closed Period**

In her letter to the ALJ, Plaintiff initially requested a closed period of disability from August 1, 2021 to August 22, 2022. (Doc. 10 at 8.) At the hearing, she sought to amend this period, requesting the ALJ consider a closed period from April 1, 2021 to August 22, 2022. (*Id.*) The ALJ recognized this request. At the hearing, the ALJ asked Plaintiff: "So, during the time from April of 2021 to July of 2022 can you tell me why you were unable to work?" (*Id.*) Plaintiff "testified that between April 2021 and July 2022 she could not work because in April 2021 she had surgery for a lumpectomy, and then radiation, to treat right breast cancer." (Doc. 10 at 6.) During this time, Plaintiff suffered breast pain which made it difficult to move her arm, and complications from the medication Tamoxifen, which caused severe hot flashes, night sweats, insomnia, bone pain, and muscle pain. (*Id.*) Plaintiff returned to work in August 2022, feeling much better. (*Id.*)

Plaintiff asserts two errors. First, she argues the ALJ erred by failing to acknowledge the closed period. (*Id.* at 9.) Even accepting this as true, Plaintiff does not present any legal authority demonstrating that it is legal error for an ALJ to fail to *acknowledge* a closed period claim for disability—even though the ALJ considered evidence within the closed period, which Plaintiff acknowledges. (Doc. 13 at 4.) She

simply says it is so.  Therefore, Plaintiff fails to satisfy her burden of establishing error as to this first point.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his substantial rights, which is to say, not merely his procedural rights. (citation modified)).

Second, Plaintiff contends the ALJ's decision is not based on substantial evidence because it includes discussion *and* reliance on evidence outside the relevant period.  (*Id.* at 10.)  Curiously, in Plaintiff's reply, she states she "did not argue the ALJ was bound to evidence within an alleged closed period." (Doc. 13 at 4.)  Therefore, the issue here is *not* whether the ALJ *discussed* evidence outside the closed period; rather it is whether the ALJ *relied* on substantial evidence within the closed period in finding Plaintiff was not disabled.  As to the latter, the Court finds in the affirmative.

"A closed period of disability is a period of disability with a definite beginning and ending date for a continuous period of not less than 12 months." *Althoff-Gromer v. Comm'r of Soc. Sec.*, No. 2:18-CV-00082-KJN, 2019 WL 1316710, at *14 (E.D. Cal. Mar. 22, 2019) (citing 20 C.F.R. §§ 404.320, 416.330, 416.335).  Nevertheless, an ALJ is not prohibited from considering evidence outside this period.  "[A]n ALJ considers 'all evidence in the case record' when determining whether an applicant is disabled, which may include evidence from outside the period of disability." *Steven B. v. Comm'r Soc. Sec. Admin.*, No. 2:24-CV-01907-SB, 2026 WL 303630, at *13 (D. Or. Feb. 4, 2026).  Further, "the Ninth Circuit has repeatedly held that evidence concerning a claimant's disability after the relevant period may be probative of disability during the relevant period." *Bryan B. v. Bisignano*, No. 25-CV-05717-PCP, 2026 WL 734530, at *4 (N.D. Cal. Mar. 16, 2026) (citing cases); *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("[R]eports containing observations made after the period for disability are relevant to assess the claimant's disability.").  Finally, an ALJ does not err where her decision is not solely based on evidence outside the closed period. *Seaich v. Kijakazi*, No. 17-35803, 2022 WL 17430269, at *1 (9th Cir. Dec. 6, 2022).

The ALJ's decision cites multiple medical records from April 2021 to August 2022

that substantially support the conclusion that Plaintiff was not disabled during this timeframe. The Court notes a few. An April 2021 report indicated that Plaintiff was not experiencing "fatigue" or "painful sites" two weeks after surgery. (AR 27, 388.) A June 2021 record stated that Plaintiff "reports that she feels relatively well and denies any new complaints." (AR 26, 623.) Another June 2021 record stated that Plaintiff "reports doing well since surgery and radiation," and had "no breast pain or tenderness." (AR 27, 385.) An August 2021 record reported, as to Plaintiff's insomnia, that "[m]edical marijuana helps reasonably well." (AR 27, 597.) In December 2021, a provider reported that Plaintiff "is doing well with the tamoxifen, so I do not plan to make any changes in the short-term." (AR 26, 618.) That same month, however, Plaintiff reported some issues with right breast and axillary pain. (AR 24, 674.) A March 2022 record reported Plaintiff: "feels well and denies any new complaints"; "is tolerating tamoxifen without problem"; "otherwise has no specific complaints"; and has no "night sweats or lymphadenopathy." (AR 26, 619.) A May 2022 record reported that Gabapentin has helped with Plaintiff's anxiety and radicular pain down her right arm. (AR 27, 1053.) That record also reported that there were "[n]o weaknesses or decreases in [range of motion]" in Plaintiff's hands. (AR 27, 1053.)

In June, Plaintiff "underwent a surgical procedure in which she had fat removed from her abdominal wall and injected into the area of the scar on her right breast." (AR 24, 940.) A July 2022 medical record reported that Plaintiff's breast pain "felt much better" following this procedure, and that tamoxifen "has been well-tolerated other than the hot flashes." (AR 26, 878, 881.) Further, the ALJ found "persuasive" Alan Langerak, M.D.'s opinion in December 2021, March 2022, and July 2022 that "claimant was 90% able to carry on normal activity . . . and able to carry out work of a light or sedentary nature." (AR 30, 931, 891, 879.)

Accordingly, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff was not disabled during the closed period.

**B. The ALJ Provided Clear and Convincing Reasons for Discrediting**

**Plaintiff's Symptom Testimony**

The Court next addresses Plaintiff's argument that the ALJ erred by discrediting Plaintiff's symptom testimony.

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation modified). Second, if there is such objective evidence, and "no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citation modified). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff "alleged disability based on stage 1 breast cancer; brain fog; muscle pain; neuropathy; sleeping problems; breathing problems; anxiety; osteoarthritis in her hands, fingers, and knees; depression; and fatigue." (AR 23.) The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 24.) The ALJ provided substantial evidence supporting its conclusion.

The ALJ adequately explained that Plaintiff's allegations were not entirely consistent with the medical evidence. The ALJ identified the same medical records listed above in determining that the medical evidence contradicted Plaintiff's testimony. The Court need not repeat those here. At bottom, the record reflects that Plaintiff consistently felt well, tolerated the Tamoxifen, had a 90% ability to carry on normal activity, and her breast pain improved after the fat grafting procedure. (AR 26, 27, 385, 388, 597, 618, 619,

623, 878, 879, 881, 891, 931, 1053.) This is a recognized basis for discounting subjective symptom testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 958–60 (9th Cir. 2002) (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony). Viewed as a whole, the ALJ adequately identified which aspects of Plaintiff's testimony were inconsistent with the record and provided clear and convincing reasons, supported by substantial evidence, for discounting her subjective symptom allegations.

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED** affirming the ALJ's June 14, 2024 decision.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 23rd day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge